**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THOMAS M. LISOWSKI, | : | Civil No. 3:26-cv-1506 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| SUPERINTENDENT BOHINSKI, *et al.*, | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner Thomas M. Lisowski ("Lisowski") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Lackawanna County, Pennsylvania. (Doc. 1). For the reasons discussed below, the Court will deny the petition.

## I. Background[1]

On January 4, 2024, Lisowski pled guilty to one count each of criminal trespass and recklessly endangering another person. (Doc. 1 ¶ 3; Doc. 17, at 13-31, *Commonwealth v. Lisowski*, No. CP-35-CR-0000412-2023 (Pa. Ct. Com. Pl. Lackawanna Cnty.)). On January 18, 2024, the trial court sentenced Lisowski to an aggregate term of imprisonment of 18 to 60 months. (Doc. 1 ¶ 5; *see Commonwealth v. Lisowski*, 2026 WL 799441, *1 (Pa. Super.

[1] The Court derived all pertinent facts and procedural history from the habeas petition itself, Petitioner's exhibits, and Respondents' exhibits (which include the Lackawanna County Court of Common Pleas docket sheet, the corrected Sentencing Order, the Pennsylvania Superior Court docket sheet, the March 23, 2026 Pennsylvania Superior Court opinion, and Lisowski's PCRA appeal brief). (Docs. 1, 9-1, 17).

2026); Doc. 17, at 33-34, Corrected Sentencing Order). Lisowski filed a timely motion for sentence modification or correction, wherein he asked the court to clarify that his sentences under the Lackawanna County Court docket would be run concurrent with a sentence he was serving in Wyoming County. (Doc. 1 ¶ 6; *see Commonwealth v. Lisowski*, 2026 WL 799441, at *1). The trial court denied the motion. (*Id.*).

In February 2024, the Pennsylvania Department of Corrections wrote a letter to the trial court, seeking clarification as to whether the Lackawanna County Court sentences were to run consecutively or concurrently to the Wyoming County sentence. *See Commonwealth v. Lisowski*, 2026 WL 799441, at *1. On February 22, 2024, the trial court issued a corrected sentencing order, indicating that the sentences in the Lackawanna County case were to run consecutively to the Wyoming County sentence. (Doc. 17, at 33-34, Corrected Sentencing Order). Lisowski did not file another post-sentence motion or direct appeal. Therefore, his judgment of sentence became final on March 25, 2024. *See* 42 Pa.C.S. § 9545(b)(3) (stating that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) ("In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court.").

On August 23, 2024, Lisowski filed a *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46, arguing that the trial court abused its discretion by modifying his sentence after the 30-day

time limit for modification pursuant to 42 Pa.C.S.A. § 5505 and that the Commonwealth failed to timely seek modification of the sentence. (Doc. 1 ¶ 8; *Commonwealth v. Lisowski*, 2026 WL 799441, at *1). On January 17, 2025, the trial court dismissed the PCRA petition. Lisowski filed a notice of appeal on March 4, 2025.

Upon review, the Pennsylvania Superior affirmed the order of the PCRA court and concluded that the PCRA court did not err in dismissing Lisowski's PCRA petition. *Commonwealth v. Lisowski*, 2026 WL 799441. Lisowski did not seek review with the Pennsylvania Supreme Court.

On or about May 20, 2026, Lisowski initiated the instant federal habeas action.[2] (Doc. 1). Lisowski asserts that:

> The argu[]ments brought before this Honorable Court, is the same as argued within the lower Sentencing Court and Appellate Court of the Middle District of Pennsylvania. Did the Sentencing Court violate the Petitions Constitutional rights when changing the Petitioner's sentence after handed down within 'Title 42 § 5505, modifying a sentence outside the Petitions appeal rights'. Petitioner would argue this was a Double Jeopardy violation as within the 5th Amendment of our U.S. Constitution, and a violation of Due Process and Equity of Law within the 14th Amendment. The Petitioner argued with the Superior Court that the sentence was illegal and lacked any jurisdictional standing.

---

[2] Under the prisoner mailbox rule, the Court deems the petition filed on May 20, 2026, the date Lisowski signed it. *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that that date on which a prisoner delivers documents to prison authorities for mailing is considered the filing date); *Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

(*Id.* ¶ 17) (sic). Lisowski further argues that the sentencing court did not provide transcripts "until[] after [ ] the Superior Court[']s granting of petitioner[']s motion to compel the Sentencing Court for transcripts of May, 2005", in violation of his due process rights. (*Id.* ¶ 18; Doc. 9 ¶¶ 2, 3).

Respondents filed a motion to dismiss the habeas petition arguing that: (1) Lisowski failed to exhaust his claims in state court by failing to file a direct appeal; (2) Lisowski failed to exhaust his PCRA claim in state court by failing to file an appeal to the Pennsylvania Supreme Court; (3) Lisowski never raised a claim in state court that his Fifth and Fourteenth Amendment rights under the United States constitution were violated; and (4) the petition is untimely. (Doc. 17).

Lisowski did not file a response to Respondents' motion to dismiss. Therefore, the habeas petition is ripe for review.

## II. Legal Standards

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct.

475, 116 L.Ed.2d 385 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68.

A. Exhaustion and Procedural Default

A habeas petitioner must exhaust state court remedies before obtaining habeas relief. 28 U.S.C. § 2254(b)(1)(A). The traditional way to exhaust state court remedies in Pennsylvania was to fairly present a claim to the trial court, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court. *See Evans v. Court of Common Pleas, Delaware County*, 959 F.2d 1227, 1230 (3d Cir. 1992). However, in light of Pennsylvania Supreme Court Order No. 218, issued May 9, 2000, ("Order No. 218"), it is no longer necessary for Pennsylvania inmates to seek allocatur from the Pennsylvania Supreme Court in order to exhaust state remedies under 28 U.S.C. § 2254(c). *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004) ("We now hold that Order No. 218 renders review from the Pennsylvania Supreme Court 'unavailable' for purposes of exhausting state court remedies under § 2254(c).").[3] The habeas petitioner has the burden of proving exhaustion. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

[3] In May 2000, the Pennsylvania Supreme Court issued an order, Order No. 218, rendering review from the Pennsylvania Supreme Court "unavailable" for purposes of exhausting state court remedies for federal habeas petitions under 28 U.S.C. § 2254(c). *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004) (interpreting *In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) ("Order No. 218")). This means that, for purposes of federal habeas review under § 2254, a person in Pennsylvania custody "need not seek review from the Pennsylvania Supreme Court" in order to have exhausted state remedies and seek federal habeas review. *Id.*

A petitioner's failure to exhaust his state remedies may be excused in limited circumstances on the ground that exhaustion would be futile. *Lambert*, 134 F.3d at 518-19. Where such futility arises from a procedural bar to relief in state court, the claim is subject to the rule of procedural default. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). In addition, if the state court does not address the merits of a claim because the petitioner failed to comply with the state's procedural rules in presenting the claim, it is also procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a claim is found defaulted, the federal court may address it only if the petitioner establishes cause for the default and prejudice resulting therefrom, or that a failure to consider the claim will result in a fundamental miscarriage of justice. *Werts*, 228 F.3d at 192. To meet the "cause" requirement to excuse a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 192-93 (quoting and citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). Additionally, a petitioner can rely on post-conviction counsel's ineffectiveness to establish cause to overcome the default of a substantial claim of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). To establish prejudice, a petitioner must prove "'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Bey v. Sup't Greene SCI*, 856 F.3d 230, 242 (3d Cir. 2017).

For a petitioner to satisfy the fundamental miscarriage of justice exception to the rule of procedural default, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray*, 477 U.S. at 496). This requires that the petitioner supplement his claim with "a colorable showing of factual innocence." *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). In other words, a petitioner must present new, reliable evidence of factual innocence. *Schlup*, 513 U.S. at 324.

B. Merits Standard

Once a court has determined that the exhaustion requirement is met and, therefore, that review on the merits of the issues presented in a habeas petition is warranted, the scope of that review is set forth in 28 U.S.C. § 2254(d). Section 2254(d) provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate

that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id.*

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316

(1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." *Breighner v. Chesney*, 301 F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[4]). Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362, 408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. *Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

## III. <u>Discussion</u>

### A. <u>Timeliness</u>

The Court will first consider Respondents' argument that the habeas petition is untimely. (Doc. 17 ¶¶ 11, 27).

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set

---

[4] "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. § 2254(f).

forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until

appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Lisowski was originally sentenced on January 18, 2024, and the trial court issued a corrected sentencing order on February 22, 2024. Lisowski did not file a post-sentence motion or direct appeal from the corrected sentencing order. Therefore, his judgment of sentence became final 30 days later, on March 25, 2024. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). The one-year period for the statute of limitations commenced running as of that date. Thus, absent any tolling, the AEDPA statute of limitations under § 2254(d)(1)(A) would expire on March 25, 2025. However, Lisowski did not file the instant habeas petition until May 20, 2026, after the expiration of the statute of limitations. Therefore, the habeas petition must be dismissed as untimely unless the statute of limitations was subject to statutory or equitable tolling.

### 1. Statutory Tolling

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the period of time when properly filed state post-conviction proceedings are pending in any state court. *See* 28 U.S.C. § 2244(d)(2). Here, the statute of limitations began running on March 25, 2024 and, absent any tolling, would expire on or about March 25, 2025. However, pursuant to 28 U.S.C. § 2244(d)(2), when Lisowski filed his PCRA petition on August 23, 2024, the AEDPA's filing period was statutorily tolled. As of August 23, 2024,

151 days of the one-year filing period had elapsed. Thus, there were 214 days of the one-year filing period remaining.

The statute remained tolled until the conclusion of the PCRA proceedings—April 22, 2026, 30 days after the Pennsylvania Superior Court affirmed the denial of the PCRA petition. When Lisowski commenced the instant habeas action on May 20, 2026, the statute had not yet expired. Therefore, the Court finds that Lisowski's habeas petition is timely as a consequence of statutory tolling.

B. Exhaustion

The Court next considers Respondents' argument that Lisowski's claims should be dismissed for failure to exhaust state court remedies because: (1) he failed to file a direct appeal to the Pennsylvania Superior Court; (2) he failed to advance his PCRA claims before the Pennsylvania Supreme Court after litigating them in the Pennsylvania Superior Court; and (3) he failed to raise a claim in state court that his Fifth and Fourteenth Amendment rights under the United States constitution were violated. (Doc. 17).

First, it is well-settled that a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or...circumstances exist that render such process ineffective..." 28 U.S.C. § 2254(b)(1); *see also* 28 U.S.C. § 2254(c); *Rose v. Lundy,* 455 U.S. 509, 510 (1982); *Johnson v. Pinchak,* 392 F.3d 551, 556 (3d Cir. 2004). A petitioner exhausts state remedies by fairly presenting his federal constitutional

claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. *See, e.g., O'Sullivan v. Boerckel,* 526 U.S. 838, 847 (1999); *Lambert*, 134 F.3d at 513). It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts both on direct appeal and in PCRA proceedings. *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). Therefore, the Court will not dismiss the habeas petition based on Respondents' argument that Lisowski failed to file a direct appeal to the Pennsylvania Superior Court.

Second, as stated, under a standing order from the Pennsylvania Supreme Court, petitioners are not required to appeal a claim to the Pennsylvania Supreme Court to exhaust available state court remedies for purposes of federal habeas corpus relief. *See In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218, Judicial Administration Docket No. 1, 30 Pa.B. 2582 (May 9, 2000), available at http://www.pacodeandbulletin.gov/Display/pabull?file=/secure/pabulletin/data/vol30/30-22/881.html. Based on the plain language of Order No. 218, a state prisoner does not have to seek discretionary review in the Pennsylvania Supreme Court for the purposes of federal habeas exhaustion. *See* Order No. 218 ("we hereby declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error..."). The Court will not dismiss the habeas petition on this ground.

Third, Respondents argue that Lisowski failed to raise a claim in his PCRA appeal that his Fifth and Fourteenth Amendment rights under the United States constitution were violated. (Doc. 17 ¶ 23). However, a review of Lisowski's PCRA appeal brief shows that he raised the following claim:

> Whether the P.C.R.A. Court committed error when it changed Appellant's sentence after sentence was handed down, and being the Courts abuse of discretion as within Title 42 section 5505, this in turn violating Appellant's 5th and 14th Amendment rights of our U.S. Constitution.

(Doc. 17, at 54, 76) (sic). It is clear that in Lisowski's PCRA appeal, he raised a claim that his Fifth and Fourteenth Amendment rights under the United States constitution were violated.

The Court is unpersuaded by Respondents' argument that Lisowski has failed to exhaust his state court remedies and will proceed to consideration of the merits of his claims.

C. Merits

Lisowski argues that the sentencing court violated 42 Pa.C.S.A. § 5505 by modifying his sentence. (Doc. 1 ¶ 17). He also alleges that his modified sentence resulted in a violation of his protection against double jeopardy and his right to due process, and that his due process rights were violated because the sentencing court did not provide transcripts until after he filed a motion to compel. (*Id.*; Doc. 9 ¶¶ 2, 3).

To the extent that Lisowski's claim is based upon an alleged violation of a state statute (42 Pa.C.S.A. § 5505), it is non-cognizable. A federal court has jurisdiction to

entertain an application for habeas relief "only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, a federal court involved in habeas review does not analyze whether the trial court's procedure adhered to Pennsylvania state law; instead, this Court is limited to determining whether a conviction violated the Constitution, laws, or treaties of the United States. *See Estelle*, 502 U.S. at 67-68 (citations omitted).

Lisowski was originally sentenced on January 18, 2024, and the sentencing court issued a corrected sentencing order on February 22, 2024. He alleges that this sentence modification was in violation of 42 Pa.C.S.A. § 5505, which allows the court to modify or rescind its orders within 30 days. Lisowski raised this claim on PCRA appeal, and the Pennsylvania Superior Court rejected the claim as follows:

> On appeal, Lisowski argues the trial court erred by modifying his judgment of sentence more than thirty days after the sentence was handed down, in violation of 42 Pa.C.S.A. § 5505. *See* Appellant's Brief, at 20.
>
> Our standard of review is well settled. We review the denial of a post-conviction petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *See Commonwealth v. Faulk*, 21 A.3d 1196, 1199 (Pa. Super. 2011).
>
> Rule 705 of the Pennsylvania Rules of Criminal Procedure provides that "[w]henever more than one sentence is imposed at the same time on a defendant, or whenever a sentence is imposed on a defendant who is sentenced for another offense, *the judge shall state whether the sentences shall run concurrently or consecutively*." Pa.R.Crim.P. 705 (emphasis added).
>
> Under the instant docket, the court sentenced Lisowski to 12 to 42 months' incarceration for criminal trespass, to be served consecutive with a term of 6 to 18 months' incarceration for REAP. *See* Sentencing Order, 1/18/24.

Significantly, nowhere in the orders does the court mention the Wyoming County sentence, nor direct that the instant sentences be served either concurrent or consecutive to any other sentence for another offense.

A sentencing court may modify a sentencing order only in limited circumstances. "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505. Generally, once the thirty-day period has passed, the trial court lacks jurisdiction to modify a sentencing order. *Commonwealth v. Quinlan*, 639 A.2d 1235, 1238 (Pa. Super. 1994).

Lisowski asks us to refer to *Commonwealth v. Borrin*, 12 A.3d 466 (Pa. Super. 2011), in which this Court held that "for a trial court to exercise its inherent authority and enter an order correcting a defendant's written sentence to conform with the terms of the sentencing hearing, the trial court's intention to impose a certain sentence must be obvious on the face of the sentencing transcript." *Id.* at 473. "Stated differently, only when a trial court's intentions are clearly and unambiguously declared during the sentencing hearing can there be a 'clear clerical error' on the face of the record, and the sentencing order subject to later correction." *Id. see also Commonwealth v. Borrin*, 80 A.3d 1219, 1227 (Pa. 2013) (our Supreme Court noting a trial court retains jurisdiction to correct "errors in its records or orders so they speak the truth, and thereby reflect what actually took place in judicial proceedings.").

We do not find *Borrin* is applicable to the case at hand. There has been no assertion of a clerical error here. The court here was not attempting to speak truth to or reflect what actually took place during the sentencing proceedings. Instead, a review of the record shows that both the sentencing proceedings and the original sentence order were entirely silent as to the Wyoming County sentence. Accordingly, there was no ambiguity to correct here, nor any intent to analyze.

While Lisowski disagrees, we find this case to be more analogous to the issue presented in *Commonwealth v. Moran*, 823 A.2d 923 (Pa. Super. 2003). In *Moran*, the trial court sentenced the appellant to a lengthy term of imprisonment. In its sentencing order, the trial court stated that counts 2, 5, and 9 were consecutive to count 1, but it did not state whether the sentences for counts 2, 5, and 9 were consecutive to each other. While a direct appeal

was pending, the trial court *sua sponte* amended its sentencing order to clarify that "[c]ount 2 is to run consecutive to [c]ount 1, [c]ount 5 is to run consecutive to [c]ount 2, and [c]ount 9 is to run consecutive to [c]ount 5." *Moran*, 823 A.2d at 925.

On appeal, the appellant argued the trial court lacked jurisdiction to modify *sua sponte* its original sentencing order, more than thirty days later while his appeal was pending. We disagreed. We acknowledged that under Section 5505, a trial court may modify a final, appealable order within 30 days after its entry if no appeal from the order has been taken. *See id.* We, however, noted that in limited circumstances, a trial court may be excused from the requirements of Section 5505 to "correct a patent or obvious mistake or to supply defects or omissions in the record." *Id.*; *see also Commonwealth v. Holmes*, 933 A.2d 57, 65 (Pa. 2007) (noting Section 5505 "was never intended to eliminate the inherent power of a court to correct obvious and patent mistakes in its orders, judgments, and decrees"). We explained that under Rule 705, relating to imposition of sentence, the trial court's failure to specify in its original sentencing order whether sentences were concurrent or consecutive was a patent error. Based on Rule 705, we concluded that the trial court's modification of the original sentencing order was not improper. *See Moran*, 823 A.2d at 925.

Similarly, here, the trial court's failure to comply with Rule 705 was a patent error. Rule 705 does not contain a presumption that multiple sentences run concurrently unless stated otherwise by the sentencing judge. *See id.* Instead, under Rule 705, the trial court was required to specify whether the sentence was concurrent with or consecutive to the Wyoming County sentence. Accordingly, the trial court's correction of the original sentencing order did not violate the thirty-day limit under Section 5505, because courts have inherent jurisdictional power to correct patent errors in sentencing orders.

In sum, the trial court had jurisdiction to correct the original sentencing order more than thirty days later to indicate that the sentences set forth were consecutive to the Wyoming County sentence. Accordingly, the PCRA court did not err in dismissing Lisowski's PCRA petition.

Order affirmed.

*Commonwealth v. Lisowski*, 2026 WL 799441, at *2-4.

The Superior Court's decision is based upon a Pennsylvania statute and Pennsylvania law and does not provide any relief to Lisowski here. His claim is non-cognizable to the extent it alleges a violation of a state statute. *See Estelle*, 502 U.S. at 68 ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Even if the Court could properly consider Lisowski's claim, it also lacks merit. As stated, Lisowski alleges that the sentencing modification violates due process and double jeopardy.

To the extent Lisowski asserts that the method used by the state court to modify his sentence violated his procedural due process rights, this argument is unavailing because he fails to establish "whether the nature of the interest is one within the contemplation of the 'liberty or property' language of the Fourteenth Amendment." *Evans v. Sec'y Pa. Dep't of Corr.*, 645 F.3d 650, 663 (3d Cir. 2011). In *Evans*, the Third Circuit found that the petitioner's procedural due process rights under the Fourteenth Amendment were not violated when Evans' sentence status summary sheet was corrected 11 years after the petitioner's conviction, because an inmate does not have a fundamental right to be released from prison on or about a certain date. *Id.* The *Evans* court noted that due process protects a prisoner's liberty interest in two instances: a state-created liberty interest and an independent due process liberty interest. *Id.* The first occurs when the state, by statute or regulation, creates an interest in freedom from restraints that are atypical and impose

significant hardship compared with the ordinary incidents of prison life. *Id.* The second occurs when severe changes in confinement cause a grievous loss that should not be imposed without notice and an adequate hearing. *Id.* The court noted that Evans' sentence was "entirely lawful", but the record-keeping associated with it was in error, in that the initial release date wrongly credited Evans with certain time, giving him an artificially early start date, and therefore the recalculated later release date was correct. *Id.* Therefore, the court reasoned, Evans had not been "stripped of any state-created liberty interest because state law never entitled him to be released on the date reflected on the initial Commitment Sheet." *Id.* at 664 (citing *Jago v. Van Curen*, 454 U.S. 14, 15-18 (1981)).

Here, the sentencing court modified Lisowski's sentence 35 days after the original sentencing order, far less than the 11 years in *Evans*. And the trial court corrected its original sentencing order due to a patent error in failing to specify whether the Lackawanna County sentences were concurrent with or consecutive to the Wyoming County sentence. Because the sentencing court erred in its original sentencing order, its subsequent modification of the original sentencing order was not improper and did not violate Lisowski's procedural due process rights.

Likewise, in *Evans*, the Third Circuit found that the petitioner failed to establish an independent due process liberty interest, where he could not establish that the correction to his commitment sheet 11 years after it was initially issued, "amounted to a severe alteration in the conditions of Evans's incarceration such that due process protections were required."

*Id.* at 665 (citing *Renchenski v. Williams*, 622 F.3d 315, 325 (3d Cir. 2010)) (concluding that a prisoner's liberty interest can be violated when severe changes in confinement conditions amount to a grievous loss and are made without notice and a hearing). "Severe changes in conditions of confinement include, for example, forced administration of antipsychotic medication,…or involuntary transfer to a mental hospital,…or, for a prisoner not convicted of a sex offense, forced participation in sex-offender therapy." *Id.* (citations omitted). Here, Lisowski has raised no such claims. Therefore, his claim lacks merit.

Furthermore, the Double Jeopardy Clause of the Fifth Amendment applies only where there is a legitimate expectation of finality, such as where a defendant has been acquitted of the charges against him. *United States v. DiFrancesco*, 449 U.S. 117, 132 (1980). The United States Supreme Court has recognized three constitutional protections under the Double Jeopardy Clause: (1) "[i]t protects against a second prosecution for the same offense after acquittal;" (2) "it protects against a second prosecution for the same offense after conviction;" and, (3) "it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). A resentencing does not violate the Double Jeopardy Clause simply because a sentence is increased. *DiFranceso*, 449 U.S. at 133. When the government exercises a statutorily granted right to appeal a sentence, a defendant has "no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired." *Id.* at 136. The Third Circuit does not deviate from that principle. *See United States v. Norwood*, 49 F.4th 189, 211 (3d Cir. 2022) ("A

defendant may not have a legitimate expectation in the finality of his sentence where the law explicitly provides for the possibility that a sentence may be later increased…" (citing *DiFrancesco*, 449 U.S. at 137)). Here, Lisowski's Lackawanna County sentence was not increased, but was corrected and ordered to run consecutive to another sentence he was serving. He cannot claim that he had a legitimate expectation in the finality of the sentence.

Lisowski also contends that the sentencing court violated his due process rights when it did not provide transcripts until after he filed a motion to compel the transcripts. (Doc. 1 ¶ 18; Doc. 9 ¶¶ 2, 3). This argument alleges a state law error that is not cognizable on federal habeas review because Lisowski's ultimate criticism is with the state court's action. *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) ("[The] federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas proceeding."); *see also Lambert*, 387 F.3d at 247 ("alleged errors in [state] collateral proceedings…are not a proper basis for habeas relief"). Accordingly, this claim fails to assert a proper basis for federal habeas relief.

In sum, Lisowski's claims are non-cognizable and also lack merit. Therefore, the habeas petition must be denied.

## IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. And as the Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Lisowski failed to demonstrate that a certificate of appealability should issue.

## V. Conclusion

For the foregoing reasons, the Court will deny Respondents' motion (Doc. 17) to dismiss, as the motion does not set forth adequate grounds warranting dismissal. However, after an independent review, the Court will deny Lisowski's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a certificate of appealability will not issue.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: September 4, 2026